# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA PACHECO DE BANUELOS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security<br><br>Defendant. | Case No. 1:16-cv-00687-EPG<br><br>**ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

## I.     INTRODUCTION

Plaintiff Irma Pacheco De Banuelos seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability insurance benefits pursuant to Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted without oral argument to the Honorable Erica P. Grosjean, United States Magistrate Judge.[1]

## II.    BACKGROUND AND PRIOR PROCEEDINGS[2]

Plaintiff was 39 years old at the time of the alleged onset of her disability. AR 81. She completed her education through the eighth grade in Mexico. AR 35. Plaintiff worked part-time as a housekeeper from 1997 to May 2004, and as a sorter on a seasonal basis from 1994 to 2001. AR 37-38, 265. Plaintiff is 5'5" and weighs 217 pounds. AR 81. She lives in a house with her

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. (ECF Nos. 9, 11.)
[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

1

husband. AR 35. Her daily activities include visiting her daughter and grandson, sitting outside, watching TV, doing crosswords and other puzzles, and napping. AR 36-37.

Plaintiff's alleged disability is due to injuries to her back, neck, and right wrist, and depression and anxiety. AR 38-46. On July 30, 2012, Plaintiff filed an application for Supplemental Security Income benefits under Title XVI, alleging a disability beginning on October 15, 2004. AR 189. The application was denied initially on January 11, 2013 and on reconsideration on April 30, 2013. AR 111-114, 120-124. Plaintiff filed a request for a hearing on June 21, 2013. AR 126-128. The hearing was then conducted before Administrative Law Judge Sharon L. Madsen (the "ALJ") on August 12, 2014. AR 32-50. On October 3, 2014, the ALJ issued an unfavorable decision, determining that Plaintiff was not disabled. AR 8-29. Plaintiff filed an appeal of this decision with the Appeals Council. The Appeals Council denied the appeal on March 17, 2016, rendering the ALJ's order the final decision of the Commissioner. AR 1-6.

Plaintiff now challenges that decision, arguing that the ALJ incorrectly found Plaintiff not fully credible and improperly rejected Plaintiff's pain and symptom testimony.[3] (ECF No. 20). Defendant argues that the ALJ provided specific and legitimate reasons for discounting Plaintiff's testimony and properly considered Plaintiff's medical records as a whole. (ECF No. 28).

## III. THE DISABILITY DETERMINATION PROCESS

To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

---

[3] Plaintiff also argues that SSR 16-3p, effective March 28, 2016, should be applied retroactively in place of SSR 96-7p. (ECF Nos. 20, p. 11 n.1 and 29, p. 3-4). Defendant argues that SSR 16-3p does not have retroactive effect. (ECF No. 28, p. 13). The Court notes that Defendant points to *Smith v. Colvin*, No. 3:14-cv-1752 (SRU), 2016 WL 1170910, at *7 n.3 (D. Conn. Mar. 23, 2016), as support for its position that SSR 16-3p does not apply retroactively. (ECF No. 28, p. 13). However, whether SSR 16-3p or 96-7p applies is not determinative to this claim's outcome and the Court therefore does not address the issue of retroactivity here. Moreover, the Ninth Circuit has stated that SSR 16-3p "makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after [the ALJ] find[s] that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." *Trevizo v. Berryhill*, 862 F.3d 987, 995 n.5 (9th Cir. 2017).

. . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. § 404.1520(a)-(f). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. § 404.1520(a)(4). The ALJ must consider objective medical evidence and opinion testimony. 20 C.F.R. § 404.1527, 404.1529.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability; (2) whether the claimant had medically-determinable "severe" impairments;[4] (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) whether the claimant retained the residual functional capacity ("RFC") to perform her past relevant work;[5] and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level. 20 C.F.R. § 404.1520(a)-(f).

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 14-24. The ALJ found that Plaintiff had not engaged in substantial gainful activity since July 30, 2012, the date specified in her application. AR 16. The ALJ identified lumbar degenerative disc disease, status-post laminectomy; thoracic spine degenerative disc disease; cervical spine degenerative disc disease; right wrist subluxation of the right radial ulnar joint, status-post Darrach procedure; obesity; and major depressive disorder, as a medically determinable combination of impairments. AR 16.

---

[4] "Severe" simply means that the impairment significantly limits the claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 404.1520(c).

[5] Residual functional capacity captures what a claimant "can still do despite [his or her] limitations." 20 C.F.R. § 404.1545. "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

However, the ALJ determined that the severity of Plaintiff's impairments did not meet or medically equal any of the listed impairments. AR 16.

Based on a review of the entire record, the ALJ determined that Plaintiff had the RFC to:

> [L]ift and/or carry 20 pounds occasionally and 10 pounds frequently. She could sit, stand, and/or walk 6 to 8 hours in an 8-hour workday. This capacity most closely approximates light work as defined in 20 CFR 416.967(b) except she could occasionally climb, stoop, crouch, or crawl. She could frequently kneel or balance. She cannot climb ladders, ropes, or scaffolds. She could occasionally reach overhead, push, or pull with the right upper extremity. Mentally, she is limited to simple, routine tasks.

AR 18. Plaintiff was capable of performing her past relevant work as a Sorter despite her physical and mental limitations. AR 23. The ALJ found that because Plaintiff is capable of performing her past relevant work, she is not disabled within the meaning of the Social Security Act. AR 23.

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether: (1) it is supported by substantial evidence; and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. DISCUSSION

### A. Evaluation of Plaintiff's Credibility

#### *i. Legal standards*

To evaluate the credibility of a claimant's testimony regarding subjective complaints of pain and other symptoms, an ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged. *Id.* The claimant is not required to show that the

4

impairment "could reasonably be expected to cause the *severity* of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Id.* (emphasis added). If the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony regarding the severity of the symptoms for "specific, clear and convincing reasons" that are supported by substantial evidence. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015).

An ALJ can consider a variety of factors in assessing a claimant's credibility, including:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing.

*Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (citations and internal quotation marks omitted).

Other factors can include a claimant's work record and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). An ALJ can only rely on an inconsistency between a claimant's testimony and the objective medical evidence to reject that testimony where the ALJ specifies which "complaints are contradicted by what clinical observations." *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1999). An ALJ properly discounts credibility if she makes specific credibility findings that are properly supported by the record and sufficiently specific to ensure a reviewing court that she did not "arbitrarily discredit" the testimony. *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991).

### ii. Analysis

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, the ALJ questioned Plaintiff's credibility with respect to the intensity, persistence and limiting effects of her symptoms (AR 19), stating:

> I also considered the third party report from the claimant's daughter who reported she spends a good deal of time with the claimant watching television, playing games, and visiting. However, Ms. Cercado also stated the claimant is in constant

pain and is unable to sit, stand, or walk more than 10 minutes without a break. I find this inconsistent with the claimant's shared activities with her daughter and grandson as it would reasonably require a greater sitting capacity to perform the activities she describes. Indeed, Ms. Cercado stated the claimant watches television until her husband arrives. She stated the claimant spends time completing crossword puzzles. Both of these activities suggest the claimant is able to sit for longer periods than Ms. Cercado alleges. In addition, the third party reported the claimant prepares simple meals that take no longer than 10 to 15 minutes to make. She is able to do laundry twice weekly, she walks and rides in cars when traveling, and is able to shop in stores 20 to 30 minutes at a time. She can pay bills, handle finances, read, and talk to family on the phone.

I give little weight to the third party reports due to the internal inconsistencies. Furthermore, this report suggests the claimant is capable of performing exertional and nonexertional activities for longer periods than alleged.

The claimant's presentation at the hearing was not entirely persuasive. The claimant testified she drives, but elsewhere stated she cannot. She does have a valid driver's license. She reported she does household chores, but also denied she is able to do so. She testified she does not socialize, but elsewhere, she reports spending time with family on a daily basis. She reported she is unable to deal with crowds, but admitted she goes shopping with her husband every week. She alleged constant neck pain, but she refused recommended treatment. She reported mental impairments with significant symptoms, but the treatment records document improvement with medication. Overall, I found the claimant's testimony was not fully credible or consistent with the remainder of the record.

AR 22 (internal citations omitted).

Plaintiff challenges the ALJ's credibility determination, arguing that the evidence as a whole indicates that Plaintiff continued to experience pain and that the ALJ took the perceived inconsistencies out of context. AR 13-14. Plaintiff further argues that the medical opinions relied upon by the ALJ were given prior to a July 2013 MRI discussing a possible second back surgery, and thus the examining physicians did not have access to the entire record as it currently stands. AR 13. Defendant argues that the ALJ properly found Plaintiff's statements to be inconsistent, and that the ALJ noted the July 2013 MRI results in her opinion. (ECF No. 28, p. 14-16).

The ALJ is required to provide "specific, clear and convincing reasons" for finding a plaintiff not credible. Vasquez, 572 F.3d at 591. A plaintiff's daily activities, inconsistencies in testimony, or unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment can constitute a reason to find that she lacks credibility. *Tommasetti*, 533 F.3d at 1039. The ALJ found Plaintiff's testimony not fully credible because

6

Plaintiff stated in her Function Report of October 15, 2012, that she cannot drive, but testified that she does drive during the hearing and has a valid driver's license. AR 22. The ALJ found that Plaintiff reported that she does household chores, but also denied that she does any chores. *Id.* Plaintiff also testified that she does not socialize, but does spend time with family on a daily basis. *Id.* In addition, the ALJ points to Plaintiff's report that she is unable to deal with crowds, but shops with her husband every week. *Id.*

Nevertheless, the record also shows that Plaintiff's Function Report was completed after Plaintiff recently had back surgery (AR 226) and, in her hearing, Plaintiff testified that while she does drive, she does so "very little[,] [m]aybe once or twice a month" (AR 35). While Plaintiff is capable of shopping with her husband, she also testified that "[w]hen I go to the store and my husband leaves me alone for a moment, I start getting the [sic] anxiety. I feel like I have to run out of there." AR 44. Regarding socializing, Plaintiff testified:

Q: You have any social activities like church or groups or friends, or family?

A: No, my life changed completely. I get scared when I am with a lot of people.

AR 36. While Plaintiff spends time daily with her family, she also indicates that she is unable to be around crowds or socialize without impairment. Thus, considering the records as a whole, the ALJ's findings regarding inconsistencies in Plaintiff's testimony are an inaccurate characterization of the evidence.

The ALJ also found Plaintiff's testimony to lack credibility because Plaintiff refused recommended treatment for her constant neck pain. AR 22. However, Plaintiff testified that she was taking Tramadol for the pain as well as using ice for relief, and told her primary doctor she did not want to have surgery for her neck pain because the pain in her hand and back became worse after surgery. AR 41. Thus, Plaintiff provided an uncontested explanation for not following recommend treatment for her neck pain.

The ALJ is correct, however, that some of Plaintiff's statements are not supported by the medical record. For example, Dr. Rustom Damania noted that Plaintiff refused to engage in range of motion testing of her back when he met with Plaintiff. AR 742. In addition, the ALJ found that Plaintiff "reported mental impairments with significant symptoms, but the treatment records

7

document improvement with medication." AR 22. This is supported in the mental health treatment notes of October 13, 2012 and Plaintiff's own testimony that the medication prescribed by the psychiatrist for her depression helps her symptoms. AR 43, 773.

The Court notes, however, that an ALJ may not find a plaintiff not credible *solely* because of a lack of corroborating evidence in the record. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) ("an adjudicator may not reject a claimant's subjective complaints based solely on the lack of objective medical evidence to fully corroborate the alleged severity of pain"). Thus, the ALJ failed to provide clear and convincing reasons that are supported by substantial evidence for finding Plaintiff's alleged pain and symptoms testimony not credible.

## VI. CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence in the record or free of clear legal error. Accordingly, this Court GRANTS Plaintiff's appeal from the administrative decision of the Commissioner of Social Security and the case is REMANDED to the Social Security Administration for further proceeding consistent with this Order. The Clerk of the Court is DIRECTED to enter judgment in favor of Plaintiff Irma Pacheco Banuelos and against Defendant Nancy A. Berryhill, Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **August 17, 2017**          /s/ Eric P. Groj
                                    UNITED STATES MAGISTRATE JUDGE